UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: AFFIDAVIT OF DISPUTE LAWSUIT OF YUSUF GARRARD BEY,

26-MC-347 (JMF)

ORDER OF DISMISSAL

---

JESSE M. FURMAN, United States District Judge:

Petitioner Yusuf Garrard Bey, proceeding without counsel, initiated this matter as a miscellaneous action, for which he paid a reduced filing fee.[1] "The District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 23-MC-4 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). Assignment of a miscellaneous case number is proper where a plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03(a)(1)(ii)-(xvi)). A miscellaneous case number may also be assigned to an ancillary proceeding directly or indirectly related to an ongoing federal civil or criminal case. *See* District Clerks' Manual § 4.03(a)(1); *accord, e.g.*, *Jimenez*, No. 26-MC-16 (JPO), 2026 WL 962592, at *1 (S.D.N.Y. Apr. 9, 2026).

In this action, Petitioner has filed a thirty-seven-page initiating document, which contains various exhibits, along with an attachment containing additional exhibits. *See* ECF Nos. 1, 1-1. Based on these filings, Bey appears to challenge certain state-court judgments on child support and custody matters as well as other legal actions taken by his former spouse, which have had the effect of limiting his access to his children. *See* ECF No. 1, at 11-12. This filing does not fall under one of the enumerated matters that is properly filed as miscellaneous. Nor has Petitioner shown that this case is an ancillary proceeding related to an ongoing federal civil or criminal case. Therefore, this case cannot proceed under the miscellaneous docket.

Accordingly, this matter is dismissed without prejudice.[2] Dismissal without prejudice

---

[1] The filing fee for a miscellaneous case is $52.00 while the filing fees for a civil action total $405.00.

[2] Petitioner is not entitled to a refund of the filing fee.

does not prevent Petitioner from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including *pro se* litigants, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

In sum, this action must be and is DISMISSED without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 1, to close this case, and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: July 14, 2026
New York, New York

JESSE M. FURMAN
United States District Judge